IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JEFFREY A. BOARDMAN,

    Plaintiff,

v.

DYLAN HAUCK, an individual and AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendants.

_____

**COMPLAINT**
_____

COMES NOW the Plaintiff by and through his attorneys, Karp Neu Hanlon, P.C., and for a Complaint against the Defendants alleges and avers the following:

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000 and is between a citizen of a foreign state and citizens of Colorado and another state(s).

2. Plaintiff, Jeffrey A. Boardman, is an individual residing and domiciled in the State and District of Colorado.

3. Upon information and belief, Defendant Dylan Hauck, is an individual residing and domiciled in Corsicana, Texas.

4. Defendant American Family Mutual Insurance Company is a Wisconsin corporation, and was, at all times relevant and material hereto, the automobile insurer of the Plaintiff.

5. On the date of the collision, as described herein, Plaintiff was insured by the

1

Defendant American Family Mutual Insurance Company under at least four separate policies of insurance for four different vehicles and each said policy had uninsured/underinsured coverage for which Plaintiff paid separate and additional premiums.

6.  Upon information and belief, Defendant Hauck was uninsured on the date of the collision, as described herein.

7.  On July 30, 2008, on North Avenue in Grand Junction, Mesa County, Colorado, a multi-vehicle collision occurred between four vehicles, including the vehicle being operated by Plaintiff.

8.  The collision was a result of a chain reaction at a stop light and caused by Defendant Hauck when he collided with a stopped vehicle, operated by Sheryl Levesque, which was then pushed into Plaintiff's stopped vehicle.  Plaintiff's vehicle then collided with a stopped vehicle operated by Deborah Swander.

9.  The collisions were a direct and proximate result of the negligence, negligence *per se,* and carelessness of Defendant Hauck in the operation, maintenance and control of his vehicle in that he failed to use reasonable care in a number of ways, including but not limited to the following:

    A.  He failed to have his vehicle under control so as to avoid the collision;

    B.  He failed to keep his eyes on the road and was looking away from the road in front of him just prior to the collision;

    C.  He failed to maintain a safe speed and following distance behind Plaintiff's vehicle;

    D.  He failed to brake in sufficient time to stop his vehicle;

    E.  He violated the following provisions of law:

      I.  Careless driving, CRS 42-4-1402;

      ii.  Other statutes of the State of Colorado and ordinances of the City of Grand Junction.

10. As a direct and proximate result of Defendant Hauck's negligence and carelessness, Plaintiff suffered serious injuries, including without limitation, injuries to his cervical and thoracic spine in the form of a myofascial strain and a traumatic thoracic syrinx, resulting in a 22% permanent whole body impairment and disability rating according to the AMA Guides #rd Edition Revised.

11. Some of Plaintiff's injuries are permanent in nature and due to the permanency of these injuries, Plaintiff has suffered an irrevocable loss of enjoyment of life, and these injuries have caused, and will continue to cause, Plaintiff pain, suffering, continuing medical care and expense, a diminution in earning capacity, and emotional and mental distress, in an amount to be determined at trial.

12. As a further and proximate result of the negligence and carelessness of Defendant Hauck, Plaintiff has suffered special damages, which Plaintiff reserves the right to state more particularly as they become fully known.

13. Defendant American Family Mutual Insurance Company has not contested that Plaintiff was legally entitled to recover damages from Defendant Hauck but has contested the amount that is due Plaintiff for his injuries, losses and damages.

14. By not agreeing and compensating Plaintiff for his damages, injuries and losses, as set forth above, Defendant American Family Mutual Insurance Company has breached the insurance contract with Plaintiff.

## FIRST CLAIM FOR RELIEF

15. Plaintiff re-alleges paragraphs 1 through 13 above and incorporates the same herein.

16. Defendant Hauck is liable to Plaintiff for his negligence, carelessness and *negligence per se.*

## SECOND CLAIM FOR RELIEF.

17. Plaintiff re-alleges paragraphs 1 through 15 above and incorporates the same herein.

18. Defendant American Family Mutual Insurance Company is liable to Plaintiff for its breaches of the insurance contracts.

WHEREFORE Plaintiff asks for judgment against the Defendants for damages in an amount to be determined at trial, special damages as proven, for interest from the date of the occurrence of the injuries as provided by law, expert witness fees, other costs, and for such other and further relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6).

KARP NEU HANLON, P.C.

By: /s/*Sander N. Karp
Sander N. Karp, Esq.
James F. Fosnaught, Esq.
201 14th Street, Suite 200
Glenwood Springs, CO 81601
Phone: (970) 945-2261
Facsimile: (970) 945-7336
snk@mountainlawfirm.com
jff@mountainlawfirm.com

Address of Plaintiff:

P.O. Box 438
New Castle, CO 81652

4