**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 11-cv-01934-DME-BNB

JEFFREY A. BOARDMAN,

      Plaintiff,

v.

DYLAN HAUCK, an individual, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

      Defendants.

---

**MEMORANDUM AND ORDER EXCLUDING EVIDENCE OF
WORKER'S COMPENSATION IMPAIRMENT RATING
AND BENEFIT PAID THEREFOR**

---

      This matter comes before the Court upon Defendant American Family's written objection, on relevance and prejudice grounds, to exclude evidence of the partial permanent impairment rating that Plaintiff received under the Colorado worker's compensation regime in connection with the injuries he suffered in a 2008 motor vehicle accident; and Plaintiff's written objection, under the Colorado collateral source rule, to exclude evidence of the benefit payment Plaintiff received through workers' compensation to compensate him for that partial permanent impairment. The Court has considered the evidence offered, the parties' arguments, and the applicable law, including the cases tendered by Plaintiff at argument, and is sufficiently advised in the premises. For the reasons that follow, the Court EXCLUDES evidence relating to Plaintiff's partial permanent impairment rating and to the benefit payment Plaintiff received therefor.

## I. BACKGROUND

Plaintiff Jeffrey Boardman was injured in a multi-vehicle auto accident in Grand Junction, Colorado, on July 30, 2008, while stopped at a traffic light. An uninsured motorist, Defendant Dylan Hauck,[1] negligently struck the car behind Plaintiff, which then struck Plaintiff's car, and Plaintiff's car in turn struck the car in front of him. At the time of the collision, Plaintiff had uninsured motorist coverage provided by Defendant American Family Mutual Insurance Company ("American Family"). In this diversity action, Plaintiff seeks to recover uninsured motorist benefits pursuant to that coverage. Defendant American Family agrees that Hauck's negligence caused the accident and that Plaintiff is entitled to uninsured motorist benefits, but disputes the amount of damage Plaintiff sustained in the accident.

The case proceeded to trial on August 13, 2012, to determine the amount of damages. Prior to trial, neither party filed any motions in limine in connection with the workers' compensation impairment rating or the settlement therefor, but each party's written objections to the other side's exhibits, filed pre-trial, indicated their disagreement over this issue, and immediately before trial the parties asked the Court for a ruling on the issue. The Court asked the parties to prepare arguments and heard arguments at the start of the second day of trial, before the disputed evidence was scheduled to be presented.

## II. DISCUSSION

Federal law generally governs the admissibility of evidence in diversity cases in federal court. See Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 880 (10th Cir. 2006). For example, federal law governs relevancy and prejudice determinations. See Romine v. Parman, 831 F.2d 944, 945 (10th Cir. 1987). But where admissibility turns on "so-called substantive state rules of evidence, such as . . . the collateral source rule," the state rule governs. Sims, 469 F.3d at 880.

---

[1] Defendant Hauck was never served in this case and has never appeared before the Court.

The Court concludes first that Colorado law prohibits the admission of evidence of a collateral-source workers' compensation benefit payment in a suit to recover uninsured motorist benefits. The Court then concludes that in light of the inadmissibility of such evidence, the admission of evidence of the underlying impairment rating would cause unfair prejudice that substantially outweighs the evidence's probative value, and therefore excludes such evidence under Federal Rule of Evidence 403.

**A.      Colorado's collateral source rule**

"Colorado's collateral source rule consists of two components: (1) a post-verdict setoff rule . . . ; and (2) a pre-verdict evidentiary component." Sunahara v. State Farm Mut. Auto Ins. Co., 280 P.3d 649, 654 (Colo. 2012). Both portions of this rule have been codified by the Colorado Legislature. See Colo. Rev. Stat. § 13-21-111.6 (requiring the court to reduce the amount of damages awarded by the amount by which the person seeking recovery has already been compensated by others, but prohibiting reduction of damages as a result of compensation "by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person"); id. § 10-1-135(10)(a) ("The fact or amount of any collateral source payment or benefits shall not be admitted as evidence in any action against an alleged third-party tortfeasor or in an action to recover [uninsured motorist] benefits.").[2] It is this latter, evidentiary component that is at issue here.

Section 10-1-135(10)(a) is a codification of the common-law rule that evidence of payments from a source collateral to the tortfeasor has the potential to "lead the fact-finder to

---

[2] Though newly codified in 2010, after the accident that led to the present litigation, § 10-1-135 applies here because the action commenced after the effective date of the statute. See Smith v. Jeppsen, 277 P.3d 224, 227 (Colo. 2012) ("A statute applies to transactions that take place after the section's effective date unless the legislature clearly intends otherwise. The 'transaction' to which section 10-1-135 pertains is a 'recovery made on or after the applicable effective date' of the act.") (citation omitted).

improperly reduce the plaintiff's damages award on the grounds that the plaintiff already recovered his loss from the collateral source." Sunahara, 280 P.3d at 654. Thus, such evidence must be kept from the jury, and therefore "shall not be admitted." Colo. Rev. Stat. § 10-1-135(10)(a).

**B.     The benefit resulting from the impairment rating was a collateral source payment**

"A collateral source is a person or company, wholly independent of an alleged tortfeasor, that compensates an injured party for that person's injuries." Smith v. Jeppsen, 277 P.3d 224, 228 (Colo. 2012). Smith addressed the collateral source status of the plaintiff's medical insurance carrier, as opposed to the plaintiff's workers compensation insurance carrier, but the reasoning of Smith indicates that a workers' compensation carrier should be treated as a collateral source as well. Here, Pinnacol Assurance, Plaintiff's workers compensation carrier, is a political subdivision of the state of Colorado, see Colo. Rev. Stat. § 8-45-101(1), and thus "wholly independent" of both Defendant American Family and Defendant Hauck, the "alleged tortfeasor." Pinnacol compensated Plaintiff in connection with his workers' compensation permanent impairment rating. Pinnacol is therefore a collateral source, and the fact or amount of any payments by Pinnacol to Plaintiff in connection with his injuries in this case is inadmissible under § 10-1-135(10)(a).

**C.     The impairment rating's probative value is outweighed by the danger of unfair prejudice**

While the Federal Rules of Evidence generally provide for the admission of relevant evidence, such evidence may nevertheless be excluded where "its probative value is substantially outweighed by a danger of" one of a number of considerations, including unfair prejudice, misleading the jury, and the needless presentation of cumulative evidence. Fed. R. Evid. 403.

Under Colorado's workers' compensation system, an injured worker is compensated for "permanent medical impairments" according to a statutory schedule. See Colo. Rev. Stat. § 8-42-107. In a case like the one at bar, where the injured worker has not suffered the loss of sight, hearing, or a listed body part, compensation for permanent impairment is calculated according to a statutory formula. See id. § 8-42-107(8)(c). Under that formula, the treating physician determines "a medical impairment rating as a percentage of the whole person based on the revised third edition of the 'American Medical Association Guides to the Evaluation of Permanent Impairment.'" Id. Benefits are determined by multiplying the impairment rating by a statutory age factor and multiplying that by 400 weeks, at a certain percentage of the injured employee's average weekly wage. See id. §§ 8-42-107(d), 8-42-105. The employee or the workers' compensation insurer may dispute the finding of medical impairment, and seek review by an independent medical examiner. See id. § 8-42-107(8)(c).

Given (1) the unique context of the workers' compensation regime, which is based on a limited pool of resources; (2) the specific and limited use to which an impairment rating under § 8-42-107(8)(c) is put; (3) the fact that the statute requires the use of a significantly outdated version of the AMA Guides to the Evaluation of Permanent Impairment;[3] (4) the fact that Defendant American Family was not a party to the impairment rating proceedings and thus had no chance to dispute the finding; and (5) Colorado's statutory prohibition on admitting evidence of the resultant benefit amount, the Court concludes that evidence of the impairment rating should be excluded under Federal Rule of Evidence 403. The probative value of the evidence is minimal and is substantially outweighed by the danger of unfair prejudice to Defendant

---

[3] The statute expressly requires the use of the "revised third edition" of the AMA Guides to the Evaluation of Permanent Impairment. See Colo. Rev. Stat. § 8-42-107(8)(c). But the AMA Guides is now in its sixth edition, according to Defendant and according to the American Medical Association's web site. Defendant has represented to the Court that the current edition is different from the third edition in material respects.

American Family and the risk of misleading the jury as to the significance of the rating. Moreover, the Court concludes that the impairment rating would be needlessly cumulative, in light of the significant amount of other evidence Plaintiff intends to introduce to establish his limitations resulting from the accident and to prove his damages.

### III.   CONCLUSION

For the foregoing reasons, the Court EXCLUDES all evidence relating to Plaintiff's impairment rating and the workers' compensation benefit he received as a result.

DATED: August   16th  , 2012.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
United States Circuit Judge